UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSE GLENNON KLUMPP, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:08CV1621 HEA |
| ) | |
| JEREMIAH NIXON, ) | |
| ) | |
| Respondent. ) | |

## **ORDER**

This matter is before the Court on petitioner's motion for extension of time to file a notice of appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure. The motion will be denied.

Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on October 20, 2008. On May 1, 2009, the Court dismissed the petition as successive. Petitioner filed his notice of appeal on June 16, 2009.[1]

Pursuant to Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, petitioner's notice of appeal was due no later than June 1, 2009. On July 15, 2009, the United States Court of Appeals for the Eighth Circuit entered an order holding

---

[1] Petitioner's notice of appeal was filed in this Court on June 30, 2009. However, petitioner certified on the notice of appeal that he placed it in the prison mail system on June 16, 2009. The Court considers the date the notice of appeal was placed in the prison mail system to be the date the notice of appeal was filed. Fed. R. App. P. 4(c).

petitioner's notice of appeal in abeyance for thirty days so that petitioner could file the instant motion in this Court.

Under Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure, this Court may extend the time for filing a notice of appeal if the "party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires" and if the "party shows excusable neglect or good cause." "No extension under . . . Rule 4(a)(5) may exceed 30 days after the prescribed time or 10 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C). The United States Court of Appeals for the Eighth Circuit has counseled that pro se appellants may be given "special consideration . . . regarding their notices of appeal." Weekley v. Jones, 927 F.2d 382, 386 (8th Cir. 1991).

In his motion for extension of time to file a notice of appeal, petitioner says that he should be given lenience because he is pro se and the prison law clerks are barred from assisting him. Petitioner further argues that he placed the notice of appeal in the prison mail system in a timely fashion.

Upon consideration of the reasons given by petitioner, the Court finds that excusable neglect does not exist. Petitioner's pro se status, in and of itself, is not enough to confer excusable neglect. *E.g.*, *J.D. ex rel. Davis v. Kanawha County Bd. of Educ.*, 517 F. Supp. 2d 822, 824 (S.D. W. Va. 2007). And plaintiff has not stated

any reason why he could not have timely filed a notice of appeal. As a result, the motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for extension of time to file a notice of appeal pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure [#11] is **DENIED**.

Dated this 5th day of August, 2009.

                                          HENRY EDWARD AUTREY
                                     UNITED STATES DISTRICT JUDGE